**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2659
_____

UNITED STATES OF AMERICA

v.

JOSEPH E. ADAMS,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 4-17-cr-00115-001)
District Judge:  Hon. Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 27, 2021
_____

Before:  GREENAWAY, JR., SHWARTZ, Circuit Judges, and ROBRENO, District
Judge.[*]

(Filed:  May 28, 2021)
_____

OPINION[**]
_____

SHWARTZ, Circuit Judge.

_____

[*] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.
[**] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

Joseph Adams pleaded guilty to one count of assault with a dangerous weapon and was sentenced to seventy-two months' imprisonment. Adams appeals. Because neither Adams nor this Court has identified a nonfrivolous issue for appeal, we will grant his counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and affirm.

I

Adams was an inmate at the United States Penitentiary Allenwood. Adams shared a cell with an inmate who threatened and assaulted Adams. In response, Adams placed a rock inside a mesh laundry bag and struck his cellmate in the head and face. The cellmate suffered severe injuries that required hospitalization and surgery.

Thereafter, a grand jury returned a three-count indictment against Adams for assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3); assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6); and possession of a prohibited object, in violation of 18 U.S.C. § 1791 and 28 C.F.R. §§ 6.1 & 541.3.[1] Pursuant to a plea agreement, Adams pleaded guilty to count one of the indictment.

The Probation Office then prepared a Presentence Investigation Report ("PSR"), which recommended a United States Sentencing Guidelines range of 84 to 105 months' imprisonment, based on a total offense level of 22 and a criminal history category of VI. Prior to sentencing, Adams moved for a downward departure based on (1) the victim's

---

[1] The indictment erroneously identified 28 C.F.R. § 541.13 here instead of § 541.3.

2

wrongful conduct in provoking the offense behavior, pursuant to U.S.S.G. § 5K2.10; and (2) Adams' fragile physical condition, pursuant to U.S.S.G. § 5H1.4. Adams also requested a downward variance based upon the factors in 18 U.S.C. § 3553(a), emphasizing his age, mental and medical conditions, vulnerability to future predation, and positive family connections.

At the sentencing hearing, the District Court adopted the Guidelines calculation as set forth in the PSR. The Court then considered Adams' departure motion, and noted it had "substantial discretion . . . in deciding whether to depart from the [G]uideline range," App. 92, but concluded that Adams was not entitled to a downward departure. After hearing from character witnesses and Adams, the Court discussed the § 3553(a) sentencing factors, granted a downward variance, and sentenced Adams to a below-Guideline sentence of seventy-two months' imprisonment, to run consecutive to the sentence he was then serving, and ordered him to pay $296,407.95 in restitution and a $100.00 special assessment.

Adams' counsel filed an appeal on Adams' behalf and, finding no meritorious grounds upon which to appeal, moved to withdraw as counsel under Anders.

II[2]

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in Anders to assure that indigent clients receive adequate and fair

---

[2] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). This rule allows defense counsel to file a motion to withdraw and an accompanying brief pursuant to Anders when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit[.]" Third Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the Anders brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, even if "wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81. If these requirements are met, the Anders brief guides our review, and we need not scour the record. See Youla, 241 F.3d at 300-01.

Here, defense counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues. First, the brief demonstrates a thorough examination of the record and identifies the District Court's jurisdiction, the validity of Adams' guilty plea, and the reasonableness of his sentence. Second, the brief explains why any challenge to Adams' plea or sentence would be frivolous under the

4

governing law.  Counsel's <u>Anders</u> brief is therefore sufficient.  Moreover, Adams himself has not filed a pro se brief and thus has identified no issues for appeal.

B

First, Adams' counsel correctly noted that the District Court had jurisdiction to enter the judgment of conviction.  Under 18 U.S.C. § 3231, United States district courts have jurisdiction over offenses against the laws of the United States.  Here, Adams was convicted of assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3), which is a federal offense.  Accordingly, there is no issue of arguable merit concerning jurisdiction.

Second, Adams' guilty plea is valid under the Constitution and Federal Rule of Criminal Procedure 11.[3]  At the change of plea hearing, the District Court confirmed Adams' competence, ensured that he understood the charges against him, and reviewed

---

[3] When a defendant enters a guilty plea, he waives various constitutional rights, and those rights must be specifically addressed during a plea hearing.  <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-44 (1969).  Accordingly, Rule 11 requires that a district court advise the defendant, among other things, of

> the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines and discretion to depart from those guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (quotation marks, alterations, and citation omitted).  The district court must also "ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty."  <u>Id.</u> at 203.

his constitutional rights. Specifically, the Court explained that Adams could choose to plead not guilty and proceed to trial at which he would have the right to assistance of counsel who could confront and cross-examine witnesses and who could subpoena witnesses, that he had a right to testify or not testify at trial, and that the jury would presume him innocent unless the Government proved his guilt beyond a reasonable doubt. The Court also informed Adams of the penalties he faced and explained that, in its sentence, it would refer to, but could depart from, the Guidelines range. Finally, the Court found there was a factual basis for Adams' guilty plea. Because Adams pleaded guilty knowingly and voluntarily with an understanding of his rights and the consequences of his plea and there was a factual basis for his plea, there is no issue of arguable merit concerning the plea's validity.

Third, Adams' sentence is procedurally and substantively reasonable. See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc) (explaining that our Court's responsibility when reviewing a criminal sentence is "to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way"). With respect to procedural reasonableness, a district court must (1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully address all relevant 18 U.S.C. § 3553(a) factors. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).

Here, the District Court fulfilled these procedural requirements. The Guidelines calculation was supported by the facts and comported with the Sentencing Guidelines. The Court then considered Adams' motion for a downward departure based on U.S.S.G.

6

§§ 5K2.10 & 5H1.4, recognized its authority to depart and its substantial discretion when making that decision, and then rejected both grounds for departure. Because the Court recognized its authority to depart when it declined to exercise that authority, we lack jurisdiction to review its decision. See United States v. Minutoli, 374 F.3d 236, 239 (3d Cir. 2004) ("It is well-established in this Court that we lack jurisdiction to review the merits of a district court's discretionary decision to refuse a downward departure under the Sentencing Guidelines once we determine that the district court properly understood its authority to grant a departure[.]"). Finally, the Court gave "rational and meaningful consideration" to the § 3553 factors. Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). Specifically, the Court acknowledged the serious nature of Adams' offense, including the fact that the victim suffered serious injuries that resulted in an eleven-day hospital stay. Turning to Adams' history and characteristics, the Court acknowledged Adams' history of mental illness, his extensive criminal history, and his past substance abuse. Ultimately, the Court imposed a sentence below the Guidelines range based on Adams' history of substance abuse, serious mental illness, and physical health issues, as well as the victim's precipitating conduct. Thus, having complied with the three-step process outlined in Gunter, the Court's sentence was procedurally reasonable.

The District Court's 72-month below-Guideline sentence was also substantively reasonable. Given Adams' long criminal history, which includes eleven bank robberies and multiple misconducts while incarcerated, and considering the premeditated nature of

7

Adams' assault on his cellmate, we do not conclude that "no reasonable sentencing court would have imposed the same sentence" on Adams. Tomko, 562 F.3d at 568. Thus, any challenge to the substantive reasonableness of Adams' sentence would lack merit.

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm Adams' judgment of conviction.[4]

---

[4] Pursuant to Third Cir. L.A.R. 109.2(b), Counsel is also relieved of the obligation to file a petition of certiorari in the Supreme Court of the United States.